[No. 23260. Department Two. November 24, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES TUERK *et al., Appellants.*[1]

*A. E. Dailey,* for appellant Charles Tuerk.

*John C. Richards* and *Earl W. Husted,* for appellant Miner W. Pridemore.

*Charles R. Denney* and *F. W. Mansfield,* for respondent.

MILLARD, J.—By information of three counts, Charles Tuerk and Miner W. Pridemore were jointly charged with the unlawful manufacture of intoxicating liquor for the purpose of sale, barter and exchange of the same; with the unlawful possession of intoxicating liquor for the purpose of the unlawful sale, barter and exchange of the same; and with wilfully and unlawfully having in their possession an apparatus capable of being used as a still. The trial resulted in verdict of guilty on all three counts as to both defendants. From the judgment and sentence pronounced in ac-

[1]Reported in 5 P. (2d) 308.

cordance with the verdict, the defendants prosecute this appeal.

The only error assigned is that the court erred in instructing the jury that the charges made grew out of the same transaction, and that, under the evidence, the jury should find the appellants not guilty on all three counts or guilty on all three counts. That is, if the jury found the appellants not guilty on any one count, the jury should find the appellants not guilty on all three counts; and if the jury found the appellants guilty on one count, it necessarily followed that the jury should find the appellants guilty on all three counts.

Under the facts of this case, the appellants are either guilty or not guilty on all three counts. That is, if the jury found the appellants guilty on one count, the facts are such that they are necessarily guilty on all three counts.

The appellants were found by the raiding officers at a still then in operation near Sultan, in Snohomish county. The officers testified that the two appellants admitted ownership of the still, and also admitted they were operating it. Thirty gallons of moonshine whiskey were found at the still.

The appellants testified that they called at a certain house for the purpose of purchasing wine from one "Tony," who invited them to accompany him down to the still; that they went with their conductor "Tony" to the still; that "Tony" departed, and a few minutes later the still was raided and they were arrested. Neither appellant testified that either purchased any wine, for which purpose they testified they visited "Tony."

It is essential to a verdict of guilty on any of the three counts for the jury to find that appellants had a still in their possession. Appellants admitted being at

the still, but denied possession of the still. If found guilty of possession of the still, it logically follows, under the facts, that that was the still in which the moonshine was manufactured. If appellants manufactured that liquor, they certainly had it in their possession.

In sequence, then, after the jury found that the appellants were in possession of the still, and that they had, with that still, manufactured the intoxicating liquor found at that place, the next question presented was whether the appellants intended to sell the liquor. Finding the appellants manufactured the liquor, the jury could not find otherwise than that appellants had that liquor in their possession. If the jury found that appellants manufactured the liquor with intent to sell, perforce the jury must find, under the evidence, that appellants possessed the liquor with intent to sell. If the jury found that the appellants manufactured the liquor with intent to sell it, and then found that appellants did not possess the liquor with intent to sell it, there would be inconsistent findings upon the same evidence.

The appellants, if their testimony is true, were bystanders, and not interested in the slightest degree in the still or in the liquor manufactured by that still. If the state's witnesses are to be believed—the jury's verdict reflects acceptance of that testimony as true—the appellants were in possession of the still with which they had manufactured the whiskey for the purpose of sale as by the information charged. The appellants' defense was no more than a flat denial of guilt on all three counts. They offered no testimony tending to prove they were not guilty on one count and guilty on the others.

Under the facts of this case, the court properly charged the jury that it would not be permitted to

render inconsistent verdicts on the different counts of the information.

An apt authority is *Griffith v. State,* 93 Ohio 294, 112 N. E. 1017. In that case, by indictment of three counts the defendant was charged with forgery, the issuing of a false and forged instrument, and with the obtaining of money under false pretenses. The court held that the defendant could not be found guilty on the third count of obtaining money under false pretenses and not guilty on the other two counts; that all of the charges made grew out of the same transaction, and the defendant was either guilty or not guilty on all three counts. The opinion reads as follows:

"Where an indictment contains three counts, one count charging forgery, another charging the issuing of a false and forged instrument, the third charging the obtaining of money under false pretenses, and the state relies for conviction on the third count in the indictment, charging the obtaining of money under false pretenses, solely upon the fact that the check presented to the bank for payment was a forged instrument, and that the defendant, either having forged the same or knowing it to have been forged, presented it for payment, and the jury finds that the defendant is not guilty of forgery and not guilty of issuing a false and forged instrument, it should return a verdict of not guilty of obtaining money under false pretenses.

"In the trial of this case the court properly charged the jury that:

" 'The defendant cannot be convicted of obtaining money under false pretenses on the third count as charged in this indictment, unless this check was forged or altered at the time he presented it to the bank. False pretenses consist in making a representation to another of an existing fact, which the party making it knows to be false at the time, with the intent that the party to whom they are made should act upon them and the party must act upon them to its detriment.'

"Notwithstanding this charge of the court the jury found the accused not guilty of forgery and not guilty

of uttering a false and forged instrument in writing, but, nevertheless, found the accused guilty of obtaining money under false pretenses as charged in the third count of the indictment.

"No evidence whatever was offered by the state of any other false pretenses except that the check was forged, and that the defendant, either having forged the same or knowing it to be forged, presented it to the bank and obtained the money upon it. It follows, therefore, that if this defendant was not guilty of forging this check, and not guilty of issuing a forged check, knowing it to be forged, he could not be guilty of obtaining money by false pretenses when no other false pretenses were relied upon or sought to be proven by the state."

The judgment is affirmed.

MAIN, HOLCOMB, and BEALS, JJ., concur.

TOLMAN, C. J. (dissenting)—I can follow the majority view as to the charges of manufacturing, the possession of a still and the simple possession of intoxicating liquor, but it was for the jury to say, notwithstanding the statutory presumption, whether or not the possession of intoxicating liquor was for the purpose of sale.