560 So.2d 84 (1990)
Aurelia BRILLO, Ivo Brillo, Individually and as the Representative of the Estate of Sofia Brillo and Elizabeth Brillo, Plaintiffs-Appellants,
v.
John HESSE, State Farm Mutual Automobile Insurance Company, General Accident Insurance Company of America, Wausau Underwriters Insurance Company, Pennsylvania General Insurance Company, Defendants-Appellees.
No. 88-1255.
Court of Appeal of Louisiana, Third Circuit.
April 18, 1990.
Writ Denied June 22, 1990.
*85 Hurlburt, Privat & Monrose, David A. Hurlburt, Lafayette, for plaintiffs-appellants.
Juneau, Judice, Hill & Adley, Marc W. Judice, Lafayette, for Hesse.
Preis & Kraft P.L.C., Ralph E. Kraft, Lafayette, for Pennsylvania Ins.
Jeansonne & Briney, Katherine M. Loos, Lafayette, for Wausau Ins.
Before DOMENGEAUX, C.J., and YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
This is an appeal from a summary judgment dismissing plaintiffs' suit against their uninsured motorist carrier. The trial court determined that the territorial limitations clause in the insurance policy was valid as applied to uninsured motorist coverage as well as liability coverage.
The sole issue on appeal is whether a general restriction in an automobile insurance policy, which limits coverage to accidents which occur in the United States, its territories, Puerto Rico or Canada, is invalid as applied to UM coverage as against the public policy of this state embodied in La. R.S. 22:1406(D)(1)(a). Finding that such a geographical limitation clause is not against public policy, we affirm.
The facts are not disputed. On June 24, 1985, Aurelia and Sofia Brillo, twin sisters, were involved in an accident while vacationing in Aruba. The Brillos were passengers in a jeep rented and driven by John Hesse. The jeep collided with a tree throwing Sofia from the jeep killing her instantly and severely injuring Aurelia.
Aurelia and her parents brought a suit for damages against Hesse, his liability insurer, State Farm Mutual Automobile Insurance Company (State Farm) and two UM carriers, Employers Insurance of Wausau (Wausau) and Pennsylvania General Insurance Company of America. State Farm was dismissed from the suit by summary judgment because of a territorial limitations clause in the insurance policy issued to Hesse excluding coverage for accidents occurring outside the United States, its possessions or territories, Canada, or Puerto Rico. No appeal was taken from this judgment.
Wausau filed a similar motion for summary judgment asserting a lack of coverage under the policy issued to Aurelia because the accident sued upon occurred outside of the territory covered by the policy. The policy provides, in part, as follows:
POLICY PERIOD AND TERRITORY
This policy applies only to accidents and losses which occur:
. . . . .
2. Within the policy territory.
The policy territory is:
1. The United States of America, its territories or possessions;
2. Puerto Rico; or
3. Canada
The plaintiffs contend that the aforementioned geographical restriction does not apply to UM coverage since to apply such a restriction would be against the public policy of this state as embodied in La.R.S. 22:1406(D)(1)(a).
Wausau argues and the trial judge determined that the geographical restriction was not violative of the public policy of this *86 state. Accordingly, the trial judge granted Wausau's motion for summary judgment finding no coverage, since the accident occurred outside of the territories covered by the policy.
La.R.S. 22:1406(D) requires insurance companies to include UM coverage, unless specifically waived, in all liability policies issued or delivered by an insurer licensed in the state upon any motor vehicle principally used or garaged in the state, and more specifically provides in part as follows:
INSURANCE R.S. 22:1406
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subparagraph unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates.
The early history of the legislation adopting a mandatory offering of UM coverage in automobile liability policies is set forth in Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir.1972), writ denied, 266 So.2d 223 (La.1972), as follows:
There existed in our society a situation whereby financially irresponsible people could acquire and drive vehicles capable of great damage. Because of their financial irresponsibility and lack of insurance, they were unable to respond to their victim in damages under LSA-C.C. Art. 2315. This created a class of injured people in our state who were left without recourse and who, without some form of relief, might become wards of the state. Insurance plans (such as the financial responsibility law) oriented toward coercing motorists to purchase insurance or removing them from the highways if they did not, proved ineffective. Other plans had to be developed.
In an effort to forestall plans distasteful to itself, the insurance industry set forth a plan of compensation for the innocent victims of the uninsured motorists. In surveying the problem, it became evident to our legislature that the source of the harm was a danger peculiar to the use of the automobile and the industry most capable and most interested in resolving the problem was the one most closely related thereto in terms of economics and self interestthe automobile insurers. Therefore, our legislature seized upon the solution set forth by the insurance industry and made the offering of uninsured motorist protection a mandatory condition precedent before the companies could conduct business in Louisiana.
Our financial responsibility law, more specifically, La.R.S. 32:900, requires liability coverage only for accidents occurring within the United State or Canada. There is no provision which expressly or implicitly mandates coverage beyond the United States or Canada.
The object of our UM statute, La.R.S. 22:1406(D), is to promote recovery of adequate damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage *87 when he is inadequately insured. Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983). Requiring mandatory UM coverage all over the world would further the UM statute's objective, but at the same time, it would place an insurmountable burden upon insurance companies to defend claims arising anywhere in the world. A geographic restriction is reasonable.
Support for this position can be found in Curtis v. Allstate Ins. Co., 631 F.2d 79 (5th Cir.1980). There on similar facts the court held that a general condition in an automobile liability policy which limited coverage to accidents occurring in the United States and Canada was not, as applied to UM coverage, invalid as against the public policy of the State of Louisiana.
Summary judgment is proper when there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Since there is no genuine issue as to any material fact in the present case and we find that the mover is entitled to judgment as a matter of law, we affirm.
For the above and foregoing reasons the trial court's judgment is affirmed.
AFFIRMED.