Hillsborough
No. 92-169

FRANCES COLBURN RAUDONIS,
GUARDIAN OF MARY CILLEY

v.

INSURANCE COMPANY OF NORTH AMERICA

April 13, 1993

*Law Offices of Joseph F. McDowell, III, P.A.*, of Manchester (*Joseph F. McDowell, III* on the brief and orally), for the plaintiff.

*Chamberlain and Connor*, of Manchester (*Ellen J. Shemitz* on the brief and orally), for the intervenor Moore Center Services, Inc.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Theodore Wadleigh* on the brief and orally), for the defendant.

BROCK, C.J.  The plaintiff, Frances Colburn Raudonis, guardian of Mary Cilley, appeals from an order of the Superior Court (*Hampsey*, J.) denying underinsured motorist coverage to Mary Cilley under a policy held by the intervenor, Moore Center Services, Inc. (the Moore Center). For the reasons that follow, we affirm.

On November 15, 1988, Mary Cilley was struck by an automobile and severely injured while crossing the street. The driver of the automobile was underinsured. At the time of the accident Mary Cilley was a resident of a group home operated by the Moore Center. The Moore Center is a non-profit organization providing care and education for developmentally disabled individuals. Mary Cilley's mother, Frances Colburn Raudonis, was and is her legal guardian. The plaintiff filed a declaratory judgment action to determine whether the underinsured motorist coverage held by the Moore Center covered the injuries received by Mary Cilley. The trial court found that endorsement CA 01 11 01 87 of the policy unambiguously defines who is an insured for the purposes of underinsured motorist coverage. The endorsement defines the term "insured" as:

"1. You and, if you are an individual, any 'family member.'
2. A private chauffeur or domestic servant, while engaged in employment by you or your spouse.
3. Anyone else 'occupying' an 'insured motor vehicle' or a temporary substitute for an 'insured motor vehicle.' The 'insured motor vehicle' must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured.'"

Because none of these definitions applied to Mary Cilley, the trial court found no coverage under the policy. The plaintiff raises several arguments on appeal.

■■ In reviewing the trial court's decision on appeal, we note that the interpretation of the insurance policy language is ultimately a question of law for this court to decide. *Laconia Rod & Gun Club v. Hartford Acc. & Indemn. Co.*, 123 N.H. 179, 182, 459 A.2d 249, 250 (1983). "We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Niedzielski v. St. Paul Fire & Marine Ins. Co.*, 134 N.H. 141, 146, 589 A.2d 130, 133 (1991) (quotations omitted). We will review the trial court's findings of fact, however, with the appropriate deference and will not disturb such findings unless they are "lacking in evidential support or tainted by error of law." *Gelinas v. Metropolitan Prop. & Liability Ins. Co.*, 131 N.H. 154, 160–61, 551 A.2d 962, 966 (1988) (quotation omitted).

■ The plaintiff first argues that the trial court erred because it failed to consider one of the policy's uninsured motorist endorsements, endorsement CA 2X 17. The plaintiff contends that the language of this endorsement, defining the policy's insured as "[y]ou or any family member," provides uninsured motorist coverage for Mary Cilley as a "family member" of the Moore Center. Endorsement CA 2X 17 expired prior to Mary Cilley's accident and was replaced by the endorsement relied upon by the trial court in denying coverage. Nevertheless, the plaintiff argues that endorsement CA 2X 17 should be considered part of the policy because the multiple endorsements created an ambiguity with respect to who was eligible for uninsured motorist benefits under the policy, and because the Moore Center was never notified by the defendant about the alleged changes in coverage that resulted when endorsement CA 2X 17 was replaced with CA 01 11 01 87. We disagree.

There is no dispute that endorsement CA 2X 17 expired almost three months before the accident and was replaced by endorsement CA 01 11 01 87 when the Moore Center's coverage was renewed for the following year. This change created no ambiguity within the policy. The forms and endorsements that constituted the policy in effect on the date of the accident were clearly cataloged in the policy. We agree with the trial court's determination that endorsement CA 01 11 01 87 defines who is an insured for the purposes of this case, and do not believe that endorsement CA 2X 17, simply by its very existence, creates an ambiguity within the policy.

■■ The plaintiff's claim that endorsement CA 2X 17 should be considered part of the policy because the Moore Center was never notified about a change in coverage is a statutory claim grounded in RSA 412:2-c (1991). Because this issue was neither raised below nor properly preserved for consideration on appeal, we will not address it. *See Appeal of Bosselait*, 130 N.H. 604, 606–07, 547 A.2d 682, 685–86 (1988), *cert. denied*, 488 U.S. 1011 (1989). The plaintiff makes no reference to RSA 412:2-c in either her notice of appeal or the record of proceedings below. A passing reference to this statute was first made in the plaintiff's brief before this court and was only pursued in earnest at oral argument. The plaintiff does mention the issue of notice as part of an argument involving the Moore Center's reasonable expectations of coverage, which we will address below, but this can hardly be construed as the initiation of a distinct statutory claim. Where a statutory claim is not properly raised below so as to "put the tribunal on notice that it should address the factual as well as legal issues peculiar to such a . . . claim," we will not review the claim on appeal. *Id.; see Perron v. City of Somersworth*, 131 N.H. 303, 305, 553 A.2d 283, 284 (1988).

We conclude that the trial court properly disregarded endorsement CA 2X 17 in determining whether Mary Cilley was an insured under the Moore Center's uninsured motorist coverage. Because endorsement CA 2X 17 is not relevant to this case, we need not decide whether Mary Cilley is a "family member" of a corporation, the Moore Center, for the purposes of uninsured motorist coverage.

The plaintiff's next claim of error involves former RSA 264:15, I, which provides:

"No policy shall be issued or delivered in this state . . . unless coverage is provided therein or supplemental thereto at least in the amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles, and hit-and-run vehicles because of bodily injury . . . . When an insured elects to purchase liability insurance in an amount greater than the minimum coverage required by RSA 259:61, his uninsured motorist coverage shall automatically be equal to the liability coverage elected."

RSA 264:15, I (1982) (amended 1988 & 1991). The plaintiff argues that RSA 264:15, I, requires every motorist insurance policy to pro-

vide uninsured motorist coverage with the same scope as the liability coverage under the same policy. Every possible insured under the policy's general liability coverage therefore should receive uninsured motorist coverage as well. Because Mary Cilley could be an insured for the purpose of general liability coverage if she ever drove one of the Moore Center's vehicles, the plaintiff argues that she also should be covered in any accident involving an uninsured motorist. This argument has no merit.

RSA 264:15, I, requires that uninsured motorist coverage be provided with the same monetary limits as are provided under a policy for general liability coverage. *See Descoteaux v. Liberty Mut. Ins. Co.*, 125 N.H. 38, 44, 480 A.2d 14, 19 (1984) (decided under former RSA 268:15-a). The statute also requires that a person who is an insured in a particular situation under a policy's general liability coverage also be covered in that situation under the policy's uninsured motorist section. Mary Cilley was not an insured under the general liability section of the Moore Center's policy when she was injured while crossing the street on foot. Therefore, RSA 264:15, I, does not mandate that she be covered under the policy's uninsured motorist section.

The plaintiff's contention that RSA 264:15, I, requires every possible insured under the policy's general liability section to be insured for injuries sustained in any accident involving an uninsured motorist is based on an overly broad reading of the statute that leads to an absurd result. Subject to the terms of a specific policy, general liability coverage usually insures anyone who is using the named insured's covered automobile with the insured's permission. Theoretically, all persons able to drive could be an insured for these purposes. Under the plaintiff's argument, any and all persons who are able to drive a car and are injured by an uninsured motorist would be covered under the Moore Center's policy. "It is not to be presumed that the legislature would pass an act leading to an absurd result and nullifying to an appreciable extent the purpose of the statute." *State v. Hart*, 130 N.H. 325, 327, 540 A.2d 859, 860 (1988) (quotation omitted). We therefore reject the plaintiff's interpretation of RSA 264:15, I, and hold that the statute does not afford uninsured motorist coverage to Mary Cilley in this case.

The plaintiff's remaining arguments require only brief mention. The plaintiff argues that Mary Cilley was covered under an additional endorsement to the Moore Center's policy as an employee of the Moore Center. Assuming that she was in fact an employee, we do

not find any coverage under the policy. Employees were clearly not covered as pedestrians. Because Mary Cilley was injured while crossing a street on foot, she could not be covered as an employee.

Finally, the plaintiff relies on the rationale expressed in *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 762–63, 435 A.2d 507, 509 (1981), to argue that we should find coverage based on the reasonable expectations of the insured. The plaintiff contends that the Moore Center developed reasonable expectations through its initial dealings with the defendant that an accident such as Mary Cilley's would be covered. To show that the Moore Center's expectations had not changed, the plaintiff asserts that the Moore Center was never specifically notified about any reductions in coverage during the following years in which the defendant supplied coverage to the Moore Center. The plaintiff argues that at the very least the defendant should be estopped from denying coverage because the defendant's knowledge about the Moore Center's activities and the defendant's representations concerning the coverage led the Moore Center reasonably to expect coverage for this type of accident. The trial court found, however, that the defendant's agents clearly described the extent of the policy's coverage to the Moore Center and that the Moore Center had no basis for believing that Mary Cilley would be entitled to uninsured motorist coverage in an accident such as this. The trial court's findings are supported by the record, and we therefore hold that Mary Cilley is not entitled to coverage based on the reasonable expectations of the insured.

*Affirmed.*

All concurred.