Hillsborough-northern judicial district
No. 94-766

HELENE GISONNI

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

December 30, 1996

*Normand & Shaughnessy, P.A.*, of Manchester (*Brian C. Shaughnessy* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the defendant.

BROCK, C.J. The defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals from an order of the Superior Court (*Barry*, J.) declaring the plaintiff, Helene Gisonni, entitled to uninsured motorist coverage pursuant to New Hampshire's Financial Responsibility Act, RSA chapter 264. We reverse.

The following facts are not in dispute. The plaintiff was injured in an automobile accident on September 30, 1986, in Mexicali, Mexico. She was a passenger in an uninsured motor vehicle. After the accident, the plaintiff sought uninsured motorist benefits under three separate family automobile insurance policies issued to her parents, Arthur and Helena Gisonni, by State Farm. Each policy extended general liability coverage to losses occurring in the United States, Canada, and Mexico within fifty miles of the United States

boundary, but limited uninsured motorist coverage to the United States and Canada only. The accident in Mexicali occurred within fifty miles of the United States border. Based on the explicit language of the policies, State Farm denied the plaintiff's claim, and the plaintiff filed a petition for declaratory judgment to determine her entitlement to coverage.

After a bench trial, the trial court ruled, *inter alia*, that RSA 264:15 required State Farm to provide uninsured motorist coverage for fifty miles into Mexico since the Gisonnis had elected to purchase liability coverage extending to that territorial limit. State Farm appeals.

■ The dispositive issue in this case is whether RSA 264:15 requires an insurer to provide uninsured motorist coverage beyond the United States and Canada when an insured elects to purchase liability coverage extending beyond those mandatory minimum territorial limits. We hold that the statute imposes no such requirement.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Welch v. Director, N.H. Div. of Motor Vehicles*, 140 N.H. 6, 8, 662 A.2d 292, 293 (1995). We "look first to the statutory language itself," *Appeal of Richards*, 134 N.H. 148, 161, 590 A.2d 586, 594 (1991), and "where possible, we ascribe the plain and ordinary meanings to words used." *Appeal of Astro Spectacular*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994).

At the time of the plaintiff's accident, RSA 264:15, I (1982) (amended 1988 & 1991) provided in pertinent part:

> No policy shall be issued or delivered in this state, under the provisions of RSA 264:14 . . . unless coverage is provided therein or supplemental thereto at least in *amounts or limits* prescribed for bodily injury or death for a liability policy under this chapter, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles . . . . When an insured elects to purchase liability insurance in an *amount* greater than the minimum coverage required by RSA 259:61, his uninsured motorist coverage shall automatically be equal to the liability coverage elected.

(Emphasis added.) This statute requires that insurers provide uninsured motorist coverage in conjunction with any general automobile liability policy they issue. *State Farm Auto. Ins. Co. v.*

*Cabuzzi*, 123 N.H. 451, 454, 462 A.2d 129, 130 (1983). The uninsured motorist coverage provided must meet the minimum statutory requirements for general liability coverage. *Id.*; RSA 264:15, I. By statutory definition, liability coverage must extend to accidents occurring within the limits of the United States and Canada. RSA 259:61, I (1981) (amended 1990). Accordingly, we have held that RSA 264:15, I, mandates that uninsured motorist coverage extend to the same territorial limits. *Cabuzzi*, 123 N.H. at 454, 462 A.2d at 130-31.

RSA 264:15, I, also mandates that uninsured motorist coverage "shall automatically be equal to" liability coverage when a policy-holder "elects to purchase liability insurance in an *amount* greater than the minimum coverage required by RSA 259:61." (Emphasis added.) This elective coverage provision was added by amendment to RSA 264:15, I, in 1981. The question before us is what effect, if any, the elective coverage provision has when an insured purchases liability coverage beyond the minimum territorial limits. The plaintiff argues that this provision mandates mutuality of both monetary and territorial coverage as between general liability and uninsured motorist insurance. We disagree.

By its own terms, the elective coverage provision applies when an insured purchases liability insurance "in an *amount* greater than the minimum" statutory requirement. RSA 264:15, I (emphasis added). Thus the provision is triggered by an insured's decision to purchase insurance with *monetary* limits in excess of the statutory minimum.

Furthermore, the preceding sentence of 264:15, I, which invokes the mandatory minimum, explicitly encompasses both the "amounts" and "limits" of liability coverage. We assume that the legislature was fully aware of this language when it added the elective coverage provision referring only to "amount." *See Appeal of Town of Hampton Falls*, 126 N.H. 805, 809-10, 498 A.2d 304, 307 (1985). If the legislature had intended to include territorial limits in the elective coverage provision, it could have stated so by using the phrase "amounts *or limits.*" We may "neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *Appeal of Astro Spectacular*, 138 N.H. at 300, 639 A.2d at 250. Accordingly, we do not interpret the statute to encompass any more than it plainly says.

■ Our holding today comports with our case law interpreting RSA 264:15, I. We have earlier recognized that the statute reflects "the legislature's intention to require uninsured motorist coverage to equal motor vehicle liability coverage, in whatever *amounts* it is purchased . . . ." *U.S. Automobile Assoc. v. Wilkinson*, 132 N.H.

439, 449, 569 A.2d 749, 754 (1989) (emphasis added); *see also Turner v. St. Paul Prop. & Liab. Ins. Co.*, 141 N.H. 27, 29, 676 A.2d 109, 111 (1996) (interpreting RSA 264:15 to require that uninsured motorist coverage be provided with same *monetary* limits as provided under policy for general liability coverage).

We note that our decision in *Cabuzzi* does not directly assist in our interpretation of RSA 264:15, I, today. *Cabuzzi* was decided under an earlier version of the statute which did not include the elective coverage provision, and we rely on that decision here only to the extent that it clarified the territorial scope of mandatory minimum uninsured motorist coverage under New Hampshire law. *Cabuzzi*, 123 N.H. at 454-55, 462 A.2d at 130. Several cases cited by the plaintiff are also unhelpful. *See Descoteaux v. Liberty Mut. Ins. Co.*, 125 N.H. 38, 480 A.2d 14 (1984); *Courtemanche v. Lumbermens Mut. Cas. Co.*, 118 N.H. 168, 385 A.2d 105 (1978); *Vigneault v. Travelers Ins. Co.*, 118 N.H. 75, 382 A.2d 910 (1978). Like *Cabuzzi*, these cases interpreted the statute as it existed prior to the addition of the elective coverage provision.

The plaintiff also cites our decision in *Raudonis v. Insurance Co. of North America*, 137 N.H. 57, 623 A.2d 746 (1993), to support her argument. In *Raudonis*, we stated that RSA 264:15, I, obligates insurers to provide uninsured motorist coverage with the "same monetary limits" as provided for general liability, but does not require the provision of uninsured motorist coverage with the "same scope" as liability coverage. *Id.* at 61, 623 A.2d at 749. We also noted that RSA 264:15 requires that a person insured "in a particular situation" under a policy's general liability coverage must also be covered in that situation under the policy's uninsured motorist section. *Id.* The claimant in *Raudonis* was not insured under general liability coverage, and thus the statute did not operate to extend uninsured motorist coverage to her. The plaintiff today would have us apply the "particular situation" language in *Raudonis* to interpret RSA 264:15, I, as requiring mutuality of both monetary *and* territorial coverage. We decline to do so. Our holding in *Raudonis* was directed at the question of the class of persons insured; it did not address the question of the statute's territorial requirements. We decline to apply the dictum in *Raudonis* to the factual context of the present case.

Finally, the plaintiff cites an Arizona case interpreting an uninsured motorist statute similar to RSA 264:15 and holding that uninsured motorist coverage must be territorially coextensive with liability coverage. *See Bartning v. State Farm Fire and Cas. Co.*, 783 P.2d 790 (Ariz. 1989). The *Bartning* decision rested on the

dictates of Arizona's public policy, and we do not find it persuasive. *Id.* at 794.

*Reversed.*

BRODERICK, J., dissented; the others concurred.

BRODERICK, J., dissenting: I respectfully dissent.