2001-NMCA-053

28 P.3d 1132

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Librada MARQUEZ, Defendant–Appellant.**

No. 21,164.

Court of Appeals of New Mexico.

June 11, 2001.

Certiorari Denied, No. 27,011, July 26, 2001.

Thomas J. Griego, Cedar Crest, NM, Jim Bartholomew, Albuquerque, NM, for Appellee.

Alan C. Torgerson, Terri L. Sauer, Miller, Stratvert & Torgerson, P.A., Albuquerque, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} This case presents us with the opportunity to address a question left unanswered by *Dominguez v. Dairyland Ins. Co.*, 1997–NMCA–065, 123 N.M. 448, 942 P.2d 191, in which we held that territorial limitations on uninsured motorist coverage are valid when the limitations apply to the policy as a whole. In this case, the territorial limitations are applicable only to the provisions for uninsured motorist benefits. Marquez appeals from an order granting summary judgment on State Farm's declaratory judgment action, in which State Farm sought a judgment that the territorial limitations on uninsured motorist coverage in Marquez's policy expressly

precluded Marquez from receiving uninsured motorist benefits for injuries sustained in an accident that occurred in Mexico. Marquez raises two issues on appeal: (1) whether New Mexico public policy requires that automobile insurance policies provide uninsured motorist coverage that is territorially coextensive with liability coverage and (2) whether the language used by State Farm to limit uninsured motorist coverage was clear and unambiguous. We hold that New Mexico public policy generally requires that uninsured motorist coverage be territorially coextensive with liability coverage. Because of our disposition of the first issue, it is unnecessary for us to reach Marquez's second issue.

**PROCEDURAL HISTORY**

{2} While traveling between Juarez and Palomas, Mexico, Marquez was injured when the automobile in which she was a passenger collided with an automobile driven by an uninsured motorist. The parties agree that the accident occurred within fifty miles of the United States border. Marquez filed a claim for uninsured motorist benefits with State Farm. State Farm denied Marquez's claim on the grounds that Marquez's policy expressly limited uninsured motorist coverage to the United States, its territories and possessions, and Canada. The policy reads as follows:

WHEN AND WHERE COVERAGE APPLIES

Where Coverage Applies

The coverages you choose apply:

1. In the United States of America, its territories and possessions or Canada; or

2. While the insured vehicle is being shipped between their ports.

The liability, medical payments and physical damage coverage also apply in Mexico within fifty miles of the United States border. A physical damage coverage loss in Mexico is determined on the basis of cost at the nearest United States point.

Death, dismemberment and loss of sight and loss of earning coverages apply anywhere in the world.

{3} State Farm filed a complaint for declaratory judgment. State Farm filed a motion for summary judgment, arguing that the plain language of the policy excluded uninsured motorist coverage in Mexico. Marquez filed a cross-motion for summary judgment, alleging that New Mexico public policy required that uninsured motorist coverage be territorial coextensive with liability coverage. A hearing was held. The trial court found in favor of State Farm, granting State Farm's motion and denying Marquez's cross-motion. Marquez appeals.

**STANDARD OF REVIEW**

{4} Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. Because the issue before us requires us to determine the legislature's intent with respect to uninsured motorist coverage, we apply a de novo standard of review. *See Dominguez*, 1997–NMCA–065, ¶ 4, 123 N.M. 448, 942 P.2d 191.

**DISCUSSION**

{5} The uninsured motorist statute, NMSA 1978, § 66–5–301 (1983), provides:

A. No ... automobile liability policy insuring against loss resulting from liability imposed by law ... arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in New Mexico with respect to any motor vehicle registered or principally garaged in New Mexico unless coverage is provided therein or supplemental thereto in minimum limits ... *as set forth in Section 66–5–215 NMSA 1978 and such higher limits as may be desired by the insured, but up to the limits of liability specified in bodily injury and property damage liability provisions of the insured's policy,* for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . .

(Emphasis added).

■■■ {6} Section 66–5–301 "embodies a public policy of New Mexico to make uninsured motorist coverage a part of every automobile liability insurance policy issued in this state, with certain limited exceptions." *Romero v. Dairyland Ins. Co.*, 111 N.M. 154, 156, 803 P.2d 243, 245 (1990). The purpose

of the statute is to place an injured policyholder in the same position as the policyholder would have been in if the uninsured motorist had possessed liability insurance. *See Chavez v. State Farm Mut. Auto. Ins. Co.,* 87 N.M. 327, 329, 533 P.2d 100, 102 (1975). Because the purpose of the statute is remedial, we interpret its language liberally to further its objectives. *See Romero,* 111 N.M. at 156, 803 P.2d at 245. Nonetheless, we recognize that "uninsured motorist coverage is not intended to provide coverage in every uncompensated situation," *State Farm Auto. Ins. Co. v. Ovitz,* 117 N.M. 547, 550, 873 P.2d 979, 982 (1994) (internal quotation and citation omitted), and that the policy of liberal interpretation, "absent a clear statutory provision to the contrary, may not negate reasonable and unambiguous policy limitations." *Dominguez,* 1997–NMCA–065, ¶ 8, 123 N.M. 448, 942 P.2d 191.

{7} In light of these rules of statutory construction, we conclude that the legislature intended for uninsured motorist coverage to apply in the same amounts and in the same territory as a particular policy provides for liability coverage. Section 66–5–301 refers to liability coverage as the measure of a policy's requirements for uninsured motorist coverage, recognizing that an insured may desire to purchase a policy that provides greater protection than is required by law. *Id.* (stating that uninsured motorist coverage must be provided "in minimum limits ... as set forth in [the Mandatory Financial Responsibility Act] and such higher limits as may be desired by the insured"). Given that the purpose of Section 66–5–301 is to protect an insured as if the uninsured motorist had liability coverage, *see Chavez,* 87 N.M. at 329, 533 P.2d at 102, and that the amount of uninsured motorist coverage depends on the amount of liability coverage, we conclude that the legislature also intended that the geographical scope of uninsured motorist coverage depends on and must be equal to the scope of liability coverage.

{8} Our holding is supported by the reasoning of *Dominguez.* In *Dominguez,* we stated that territorial limitations on uninsured motorist coverage are valid when the limitations apply to the policy as a whole and are not limited to the provisions for uninsured motorist benefits. 1997–NMCA–065,

¶ 14, 123 N.M. 448, 942 P.2d 191. Because the policy at issue in *Dominguez* did not provide any insurance benefits outside of the territorial limits of the United States and Canada, we did not reach the question of whether New Mexico public policy requires that uninsured motorist coverage be coextensive with liability coverage. *See id.* ¶ 2. Nonetheless, in holding that Section 66–5–301 does not require worldwide uninsured motorist coverage, this Court repeatedly emphasized that the territorial limitations at issue in *Dominguez* applied equally to the uninsured motorist and liability coverages. 1997–NMCA–065, ¶¶ 6–7, 14, 123 N.M. 448, 942 P.2d 191. We upheld the limitations because the language of the policy was clear and unambiguous, *"the limitation ... applies to the entire policy,* and the limitation does not conflict with the legislative objectives giving rise to the enactment of Section 66–5–301." *Id.* ¶ 14 (emphasis added).

{9} As noted in *Dominguez,* courts in a number of jurisdictions have held that territorial limitations on uninsured motorist coverage are valid only if the restrictions apply to the policy as a whole, and not solely to the provisions for uninsured motorist benefits. *See* 1997–NMCA–065, ¶ 6, 123 N.M. 448, 942 P.2d 191; *see also Progressive Cas. Ins. Co. v. Ferguson,* 134 F.Supp.2d 1159, 1165 (D.Haw.2001) ("[A] territorial restriction is valid if it does not attempt to limit UM coverage to an area less extensive than other coverages in a motor vehicle insurance policy."); *Mijes v. Primerica Life Ins. Co.,* 317 Ill.App.3d 1097, 251 Ill.Dec. 589, 740 N.E.2d 1160, 1164 (2000) ("The overwhelming weight of authority holds territorial limitations are valid if they apply equally to statutorily mandated uninsured motorist and liability coverages."); *Brillo v. Hesse,* 560 So.2d 84, 85 (La.Ct.App.1990); *Heinrich–Grundy v. Allstate Ins. Co.,* 402 Mass. 810, 525 N.E.2d 651, 653 (1988); *Lovato v. Liberty Mut. Fire Ins. Co.,* 109 Wash.2d 43, 742 P.2d 1242, 1243–44 (1987) (en banc); *Clark v. Am. Family Mut. Ins. Co.,* 218 Wis.2d 169, 577 N.W.2d 790, 793 (1998) ("It is in keeping with prior cases and Wis. Stat. § 632.32 to construe the territorial limitations on coverage the same for both liability coverage and uninsured motorist cov-

erage."); *Curtis v. Allstate Ins. Co.*, 631 F.2d 79, 80–81 (5th Cir.1980).

{10} In addition, the majority of courts that have addressed territorial limitations on uninsured motorist coverage that were more restrictive than the limitations on liability coverage have held such limitations to be invalid. *See Bartning v. State Farm Fire & Cas. Co.*, 162 Ariz. 344, 783 P.2d 790, 794 (1989) (en banc); *Mission Ins. Co. v. Brown*, 63 Cal.2d 508, 47 Cal.Rptr. 363, 407 P.2d 275, 276 (1965) (en banc) ("[P]ublic policy ... requires that the insured be protected against damages for bodily injury caused by an uninsured motorist in the same territory in which the policy covers him for liability."); *but see Gisonni v. State Farm Mut. Auto. Ins. Co.*, 141 N.H. 518, 687 A.2d 709, 710–11 (1996) (holding that elective coverage provision in insurance law evinces legislative intent that uninsured motorist coverage need not be territorially coextensive with liability coverage).

{11} In *Bartning,* the Arizona Supreme Court reviewed an insurance policy with territorial restrictions identical to the restrictions at issue in the case at bar. *See* 783 P.2d at 791. The court held that Arizona's public policy required that uninsured motorist coverage be territorially coextensive with liability coverage given the remedial purpose of the uninsured motorist statute and the general rule that the statute be liberally construed to effectuate that purpose. *Id.* at 794. Similarly, in *Mission Insurance Co.,* the court based its holding on the remedial purpose of California's uninsured motorist law, which is similar to Section 66–5–301(A). *See Mission Ins. Co.,* 47 Cal.Rptr. 363, 407 P.2d at 276. We find the reasoning of *Bartning* and *Mission Insurance Co.* persuasive. *See also Transamerica Ins. Co. v. McKee,* 27 Ariz.App. 158, 551 P.2d 1324, 1328 (1976) (Hathaway, J., specially concurring) ("Thus, the statute sets no boundaries because at a minimum, they must coincide with the liability policy boundaries in view of the statutory language that *'no'* liability policy is to issue without uninsured motorist coverage."), *disapproved in part on other grounds by Bartning,* 783 P.2d at 793.

{12} New Hampshire is the only jurisdiction we could find that has held that an uninsured motorist statute does not require

that uninsured motorist coverage be territorially coextensive with liability coverage. *See Gisonni,* 687 A.2d at 709. We are not persuaded by this opinion for several reasons. First, we note that the court's decision rested on its interpretation of an elective coverage provision requiring that when an insured elects to purchase liability insurance in an amount greater than is required by law, the uninsured motorist coverage must automatically equal the liability coverage. *Id.* at 710. The court relied on the fact that the elective coverage provision referred only to the amount of insurance purchased and did not require that the limits of uninsured motorist coverage be automatically equal to the liability coverage. *Id.* Second, it does not appear from the opinion that the New Hampshire courts have recognized the remedial purpose of the uninsured motorist statute or adopted the rule that the statute be liberally construed to effectuate that purpose. Instead, the court relied on strict rules of statutory interpretation to interpret the New Hampshire statute as narrowly as possible. *Id.* ("Accordingly, we do not interpret the statute to encompass any more than it plainly says.").

{13} In sum, we conclude that New Mexico public policy requires that uninsured motorist coverage be territorially coextensive with liability coverage. Because the policy at issue in this case sought to impose greater limitations on the uninsured motorist coverage than were imposed on the liability provisions, we hold that the territorial restriction is void. We do not decide the question of whether, if an insurer wishes to limit uninsured motorist coverage, it can secure a specific rejection that satisfies the regulations promulgated by the superintendent of insurance and makes the rejection a part of the policy "by endorsement on the declarations sheet, by attachment of the written rejection to the policy, or by some other means ... so as to clearly and unambiguously call to the attention of the insured the fact that such coverage [that is otherwise required by statute and public policy] has been waived." *Romero,* 111 N.M. at 156, 803 P.2d at 245.

## CONCLUSION

{14} The district court's order granting Plaintiff's motion for summary judgment and denying Marquez's motion for summary judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.

{15} **IT IS SO ORDERED.**

WE CONCUR: M. CHRISTINA ARMIJO, Judge and CELIA FOY CASTILLO, Judge.