IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETER WANCO,**

Plaintiff-Appellant,

v.                                                                                      **NO. 29,009**

**DAIRYLAND INSURANCE COMPANY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Alexander Wold & Associate, PC
Alexander A. Wold, Jr.
Albuquerque, NM

for Appellant

Miller Stratvert PA
Scott P. Hatcher
Christopher Tebo
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff appeals an order denying his motion for summary judgment and

granting summary judgment in favor of Defendant. [DS 3, RP 111] Our notice proposed to affirm based on the absence of a genuine question of material fact. Plaintiff responded with a memorandum in opposition. We have considered Plaintiff's arguments but are not persuaded. We affirm.

Summary judgment under Rule 1-056 NMRA is appropriate when the moving party is entitled to judgment as a matter of law upon clear and undisputed facts. Rule 1-056. On appeal, we examine the whole record for any evidence that places a genuine issue of material fact in dispute, and balance our determination in support of the parties' right to a trial on the issues. *Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, ¶ 15, 123 N.M. 752, 945 P.2d 970 (internal quotation marks and citation omitted). If genuine controversy as to material facts exists, the case should proceed to trial. *State ex rel. Udall v. Colonial Penn Ins. Co.*, 112 N.M. 123, 128, 812 P.2d 777, 782 (1991). The standard of review on appeal from summary judgment is de novo. *See Martin v. W. Am. Ins. Co.*, 1999-NMCA-158, ¶ 11, 128 N.M. 446, 993 P.2d 763.

Plaintiff was riding his motorcycle and had to change lanes quickly because of an abrupt lane closure due to road construction. [DS 1] When he changed lanes, he encountered gravel in the road, causing him to lose control of his bike and crash. [RP 57-61] He was injured and his bike was damaged. [RP 57-61] Plaintiff surmised the

only way the gravel could have gotten onto the road is from an unknown vehicle's unsecured load and sought coverage from his insurance company under the Uninsured and Unknown Motorist Act. NMSA 1978, § 66-5-301 (1983). [RP 2]

Plaintiff argues on appeal that the genuine issue of material fact is whether an unknown motorist deposited the gravel in the road. [DS 3] Plaintiff testified in a deposition that at the time of the accident, gravel was present on the road in one lane, and his testimony was corroborated by the investigating officer. [DS 2] The evidence that gravel was present is undisputed.

Plaintiff claims the only possible source of the gravel is an unknown vehicle. [DS 3] However, there is no evidence of any such vehicle. In our cases, we have required that for a plaintiff to recover, there must be some evidence that another vehicle was the cause of the injury. *Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 817-18, 907 P.2d 994, 998-99 (1995). The New Mexico Uninsured and Unknown Motorist Act does not give rise to liability without fault. *Id.* at 818, 907 P.2d at 999. Although the language of the act is interpreted liberally, it is not intended to provide coverage in every uncompensated situation and, absent a clear statutory provision to the contrary, it may not negate reasonable and unambiguous policy limitations. *State Farm Mut. Auto. Ins. Co. v. Marquez*, 2001-NMCA-053, ¶ 6, 130 N.M. 591, 28 P.3d 1132 (internal quotation marks and citations omitted).

Plaintiff argues that Defendant has not provided any evidence to conclusively disprove the argument that the gravel was spilled onto the road by a passing motorist. [MIO 4] We review the whole record in the light most favorable to support the right to trial on the merits. *Hutcherson v. Dawn Trucking Co.*, 107 N.M. 358, 360, 758 P.2d 308, 310 (Ct. App. 1988). However, once a defendant movant meets the initial burden of negating at least one of the essential elements upon which a plaintiff's claims are grounded, the burden shifts to plaintiff to come forward with admissible evidence to establish each required element of the claim. *Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231-32, 836 P.2d 1249, 1252-53 (Ct. App. 1992). Here, Defendant has shown Plaintiff cannot prove the essential element of fault, [RP 84-90] and it is now up to the Plaintiff to provide some evidence that a negligent, unknown or uninsured driver was the source of the gravel.

In his memorandum in opposition, Plaintiff provides no New Mexico authority to support his argument that he is entitled to recover under the New Mexico Uninsured and Unknown Motorist Act. He cites to an Alabama case upholding a jury's determination that an insurance company was liable under an uninsured motorist statute where an accident was caused by gravel and there was no direct testimony concerning how the gravel came to be on the roadway. *Alfa Mut. Ins. Co. v. Beard*, 597 So. 2d 664, 666 (1992).

4

In *Alfa*, the court stated that although there was no evidence of how the gravel got onto the road, the jury's finding of defendant insurance company's liability meant that it had determined an unknown vehicle must have been responsible for the presence of gravel on the road. Although there was evidence that trucks were carrying asphalt in the vicinity on the date of the accident, the jury could have reasonably concluded, based on the testimony, that an asphalt truck was not in fact the source of the gravel. *Id.*

Our case is similar to *Alfa* in that there is no evidence of how the gravel got onto the road, however, it differs in that we are not reviewing a jury's determination of the weight of the evidence. Here, Plaintiff has not, in the preliminary stages of litigation, implicated any vehicle as possibly being at fault. There can be no question of fact because there is no evidence presented. "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing there is a genuine issue for trial." *Peck v. Title USA Ins. Corp.*, 108 N.M. 30, 32, 766 P.2d 290, 292 (1988).

Plaintiff also cites to out-of-state authority to support his argument that he has ruled out all possible sources of the gravel other than an unknown vehicle carrying an improperly secured load of gravel. [MIO 3-4] Plaintiff points us to a Nebraska case where the parties established a prima facie case that third parties must have opened

5

a grain trailer by refuting theories that either they left it open themselves or cattle opened the trailer. *Ditloff v. State Farm Fire & Cas. Co.*, 406 N.W.2d 101, 105-06 (1987). Plaintiff in our case has neither presented evidence that an unknown vehicle was the source of the gravel nor provided evidence that would preclude all other possible sources of gravel on the road.

Plaintiff argues that the circumstantial evidence points to the involvement of a vehicle. [MIO 2-3] He states that because gravel was in one lane and not the other, it could not have been deposited by water; the volume of gravel rules out wind; and the affidavit of the construction company precludes the construction vehicles as a source. [MIO 3] However, the testimony shows only that gravel was present in one lane. [DS 1-2, RP 60] There is no allegation of a vehicle at fault, and no evidence is likely to be presented at trial to show the existence of a vehicle carrying an unsecured load of gravel. Even viewing the evidence in the light most favorable to a trial on the merits, we cannot say that there is a triable issue of fact that an unknown motorist was at fault.

Repeated assertions by the Plaintiff that an unknown vehicle can be the only source are insufficient to create a material issue of fact. No facts in the record can be considered legally sufficient to establish fault on the part of a vehicle. As a result, Plaintiff cannot, as a matter of law, establish fault under the Unknown or Uninsured

Motorist Act, therefore, cannot establish liability, and the district court did not err in granting Defendant's motion for summary judgment. *See State Farm Mut. Auto. Ins. Co. v. Baldonado*, 2003-NMCA-096, ¶ 16, 134 N.M. 197, 75 P.3d 413.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**