This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38992**

**JOHN CONTRERAS,**

Plaintiff-Appellant,

v.

**ALLSTATE INSURANCE COMPANY and LARRY GAYLORD INSURANCE,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Jennifer A. Noya
Sonya R. Burke
Seth J. Barany
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals from a district court order granting Defendants' motion for summary judgment in this uninsured motorist case. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition, and Defendant has filed a memorandum in support. We affirm.

**{2}**     Plaintiff continues to argue that the district court erred in granting Defendants' motion for summary judgment. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "We review issues of law de novo." *Id.*

**{3}**     Here, Plaintiff was injured after another vehicle slammed into his vehicle on I-40. [RP 2] The accident occurred after the other vehicle swerved to avoid an unidentified homeless man who had entered onto the roadway. [RP 2] Plaintiff filed a negligence claim against the driver of the other vehicle, but a jury attributed 100 percent fault to the homeless man. [RP 2] Plaintiff then brought the current lawsuit, seeking uninsured motorist (UM) coverage from his own policy. [RP 1] The district court granted summary judgment after determining that the UM coverage did not apply. [RP 126]

**{4}**     Plaintiff's memorandum in opposition primarily relies on the public policy underlying the New Mexico Uninsured and Unknown Motorist Act (the Act), namely "to compensate those injured through no fault of their own, and to put the insured in the same position he would have been in had the tortfeasor had liability coverage." *State Farm Mut. Auto. Ins. Co. v. Luebbers*, 2005-NMCA-112, ¶ 24, 138 N.M. 289, 119 P.3d 169. Specifically, Plaintiff argues that a liberal interpretation of the Act should permit coverage under these facts, given the serious public policy that the homeless situation in Albuquerque presents. [MIO 3]

**{5}**     Although the Act is interpreted liberally, it not intended to provide coverage in every uncompensated situation and, generally may not negate reasonable and unambiguous policy limitations. *See State Farm Mut. Auto. Ins. Co. v. Marquez*, 2001-NMCA-053, ¶ 6, 130 N.M. 591, 28 P.3d 1132. Under the terms of both the contract language [RP 75] and NMSA 1978, Section 66-5-301(A) (1983) of the Act, the insurer must indemnify the insured for damages that arise out of the use of an uninsured motor vehicle. Although our case law has allowed for coverage where there is a sufficient nexus between a tortfeasor's conduct and an uninsured vehicle, *see, e.g.*, *Britt v. Phoenix Indem. Ins. Co.*, 1995-NMSC-075, ¶ ¶ 15-16, 120 N.M. 813, 907 P.2d 994, the actions of the homeless man here are in no way associated with the use of an uninsured vehicle. As such, we conclude that the district court properly determined that UM coverage in this case was not triggered by the underlying incident.

**{6}**     Based on the foregoing, we affirm.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**