376 So.2d 1184 (1979)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Susan ALMGREEN and Robert J. Almgreen, Appellees.
No. 78-1186.
District Court of Appeal of Florida, Second District.
October 12, 1979.
Rehearing Denied November 19, 1979.
*1185 Chris W. Altenbernd, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Bart A. Riley, Port Richey, for appellees.
RYDER, Judge.
Allstate appeals from the grant of a partial summary judgment finding the Almgreens entitled to uninsured motorist benefits for injuries resulting from an accident with an uninsured off-road motorcycle. We reject Allstate's argument that its policy excluded such coverage, and we affirm.
The parties entered into a contract of insurance providing uninsured motorist coverage for accidents with uninsured motor vehicles, defined as:
A motor vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the Financial Responsibility Law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident... .
The policy goes on to exclude from the motor vehicle definition "a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads."
Susan Almgreen, spouse of the named insured Robert Almgreen, was injured on March 19, 1977 on private property by an unregistered, uninsured motorcycle designed for off-road use only. Appellees applied for benefits under the subject policy, and appellant denied coverage, stating that an off-road motorcycle did not fall within the policy definition of uninsured automobile. Appellees filed this action seeking declaratory judgment, and both parties moved for summary judgment. The lower court found that the policy was ambiguous as to whether the off-road uninsured motorcycle was an uninsured motor vehicle within the policy definition, and resolved that ambiguity against the insurer, finding that the claim fell within the uninsured motorist coverage of the policy issued by appellant.
We note that the exclusion for "a farm type tractor or equipment designed for use principally off public roads . ." is ambiguous. The phrase could exclude (farm type tractors), or (equipment designed for off-road use), so as to exclude the injuries to appellees. But the phrase can equally well be taken to mean farm type (tractors or equipment), designed for off-road use. Since the motorcycle at issue is neither a farm tractor nor farm equipment, the latter interpretation of the exclusion would not apply. We are bound to interpret the policy ambiguity in favor of the insured. Stuyvesant Insurance Company v. Butler, 314 So.2d 567 (Fla. 1975). We thus hold that the policy exclusion does not preclude coverage for the uninsured motorcycle below.
The only remaining policy language which needs discussion is whether an off-road motorcycle is a motor vehicle. The policy contains no definition of this term, and we must look to its ordinary meaning. A motor vehicle is "(a)ny self-propelled wheeled conveyance that does not run on rails." The American Heritage Dictionary of the English Language, at 857 (1973). Accord, I Lincoln Library Dictionary, at 831 (1970). Our research also reveals two dictionaries which limit the term to conveyances driven on roads. The Random House Dictionary of English Language, at 934 (1967); II World Book Dictionary, at 1356 (1977). We hold the term ambiguous as to whether appellant's off-road vehicle is included, and construe the term in favor of the insured to include the motorcycle. Stuyvesant Insurance Company v. Butler, supra.
Nor is that definition precluded by statute or prior case. Nothing prevents appellant from issuing a policy with broader coverage *1186 than that required by statute. The statute requiring uninsured motorist coverage contains no definition of motor vehicle. Section 627.727, Fla. Stat. (1977). Since we find that appellant's policy provides coverage, we do not address whether the statute requires coverage in this instance. But we note that the statute requires uninsured motorist benefits for each policy issued on a vehicle registered or garaged in this state, to protect persons entitled to recover from owners of "uninsured motor vehicles".[1] If the legislature had intended to restrict "uninsured motor vehicles" to those registered, for on-road use, it would have done so by including the modifier "registered" with uninsured motor vehicles, as was done with the vehicles for which the uninsured motorist policies are required. The failure to restrict uninsured motor vehicles to those registered, when the qualification was used before in the same sentence, indicates that the legislature did not intend to so restrict benefits.
Appellant urges that the definition of "motor vehicle" from the registration and financial responsibility statutes should be used. We find that these definitions could not have been contemplated by the policy, because the policy specifically includes unregistered vehicles within the definition of motor vehicles when such vehicles are used on public roads. Further, the Financial Responsibility Law, Section 324.021, Fla. Stat. (1977), restricts that definition to the purpose of that chapter. This court has previously held that the Financial Responsibility Laws are not to be read in pari materia to the uninsured motorist laws. Johns v. Liberty Mutual Fire Insurance Company, 337 So.2d 830 (Fla.2d DCA 1976). The registration statute also provides that its definitions are to be used "in construing these statutes." Section 320.01, Fla. Stat. (1977). Further, the registration definition of motor vehicle is not exclusive. The statute states that motor vehicle "includes" certain types of vehicles. Section 320.01(1)(a), Fla. Stat. (1977). We reject these collateral definitions, written for other purposes, as controlling for uninsured motorist coverage.
We do not believe coverage in the present instance to be repugnant to any consideration of public policy. Uninsured motorist coverage would protect appellant if she were struck by a registered vehicle on private property or an unregistered vehicle on a public road. It makes no difference to appellee whether the motorcycle which struck her was registered or not. Nor is the public served by making coverage dependent on whether an insured, struck by an unregistered vehicle, was standing in a public road so as to have coverage, or a driveway or parking lot so as to lose coverage to appellant's attempted exclusion. The public policy of the uninsured motorist statute is to provide uniform and specific insurance benefits to members of the public to cover damages for bodily injury caused by the negligence of insolvent or uninsured motorists. Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla. 1971). The court in Mullis noted that "the injury is just as acute and damaging to the member of the public whether he was injured as a pedestrian or while riding in a public conveyance or in an `uninsured automobile'." 252 So.2d at 233. We add that the injury is identical when caused by an unregistered motorcycle or a registered one; in a parking lot as well as on the public streets.
The judgment of the lower court is AFFIRMED.
BOARDMAN, Acting C.J., and SCHEB, J., concur.
NOTES
[1] Section 627.727(1), Fla. Stat. (1977), provides "[n]o automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of the liability insurance purchased by the named insured for bodily injury under provisions filed with and approved by the department, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, ... ." (emphasis added)