501 So.2d 1316 (1986)
STATE FARM FIRE & Casualty Company and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Roy W. BECRAFT, et al., Appellees.
Harlan R. Becraft, a Minor, Harlan Becraft, Bonnie Becraft and Roy W. Becraft, Appellants/Cross Appellees,
v.
State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company, Appellees/Cross Appellants.
Nos. 85-1532, 85-1711.
District Court of Appeal of Florida, Fourth District.
December 24, 1986.
Rehearing Denied February 24, 1987.
Frank W. Weathers of Weathers & Seaman, Lantana, for State Farm Fire & Cas. Co. and State Farm Mut. Auto. Ins. Co.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, for Harlan R. Becraft, Harlan Becraft and Bonnie Becraft.
Larry Klein of Klein & Beranek, P.A., and Easley Massa & Willits, West Palm Beach, for Roy W. Becraft.
DOWNEY, Judge.
These consolidated appeals arise out of litigation resulting from injuries received in a one vehicle accident. The accident in question happened while Harlan R. "Randy" Becraft was a passenger in a dune buggy driven by his cousin, Roy Becraft, and owned by a third person, Dennis Maynor. *1317 Roy was operating the dune buggy, with the consent of the owner, in a cane field off the public road when the dune buggy rolled over, injuring Randy. The dune buggy was uninsured, but Randy's father had two State Farm policies with uninsured motorist (UM) limits of $25,000/50,000 and coverage for medical payments and personal injury protection (PIP) benefits. Randy was a named insured in said policies. Roy, the driver, also had a State Farm policy on a Chevrolet Corvette with similar limits.
The three State Farm policies provide that liability coverage is afforded for operation of a non-owned vehicle if it is one "designed for use mainly on public roads." Similarly, the policies do not provide UM and medical payments coverage when the vehicle is "designed for use mainly off public roads." Finally, the policies limited PIP coverage to occupancy of a motor vehicle designed for, and required to be licensed for, use on Florida highways.
State Farm filed suit for declaratory judgment seeking to establish that the dune buggy was a vehicle designed for use off the public roads and not a vehicle designed mainly for use on public roads. Both sides moved for summary judgment; State Farm seeking judgment in its favor on all coverages; Randy Becraft and his parents seeking PIP benefits. From a favorable cost judgment and a final summary judgment in favor of State Farm finding no coverage for liability or medical payments, and a summary judgment in favor of the Harlan Becrafts finding entitlement to PIP benefits, both sides have perfected this appeal and cross appeal.
The sole point presented on the main appeal is whether an uninsured motorist carrier can exclude coverage for a motor vehicle designed mainly for use off the public roads when the vehicle is being operated off the public roads at the time of the accident.
The Becrafts contend that, even conceding the trial court's finding that, while the dune buggy was designed for use on the public highways, it was not designed mainly for use on said highways, the buggy remains an uninsured motor vehicle as a matter of law. This is so, the Becrafts argue, because the policy may not be more restrictive in its UM coverage than the statute requires, and there is no provision in the statute restricting the coverage to motor vehicles used mainly on the public roads.
Unquestionably, the dune buggy involved here was primarily designed for use off the public highways, albeit it was usable on such highways, and was licensed therefor, and on occasion used thereon. Therefore, unless the Becrafts are correct in their contention that the policy provision defining "uninsured motor vehicle" is invalid because it contravenes the statutory law of Florida to the extent that it requires the vehicle to be designed for use mainly on the public roads, there simply is no UM coverage for this accident.
We have considered Becraft's contentions regarding the validity of the State Farm exclusion and find that, since the use sought to be avoided by the carrier did not involve the highways, or public roads of the state, the exclusion clause at issue here is not void for public policy reasons. The policy behind section 627.727, Florida Statutes, is to provide the insured motorist with at least the same amount of protection as would have been provided if the tort-feasor had complied with the financial responsibility law. Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229, 236 (Fla. 1971). Because our motor vehicle financial responsibility law (Chapter 324, Florida Statutes) does not include off-road vehicles in its definition of motor vehicles, the carrier may exclude such vehicles when off public roads from its UM coverage without reducing such coverage below the level of protection that would have been provided if the tort-feasor had complied with the financial responsibility law. See Meeks v. Berkbuegler, 632 S.W.2d 24 (Mo. App.E.D. 1982).
In cross appealing, State Farm first suggests the trial court erred in finding *1318 that the design and use of the dune buggy qualified for PIP benefits. Unlike the statutory provisions for UM coverage, section 627.732(1), pertaining to PIP coverage, defines a motor vehicle as follows:
"Motor vehicle" means any self-propelled vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of this state and any trailer or semitrailer designed for use with such vehicle... .
The insurance policies here limited PIP coverage to occupancy of a motor vehicle designed for, and required to be licensed for use on Florida highways. (The word mainly does not appear as in the UM and liability sections of the policies.) The lower court determined that the vehicle had been "converted or at least partially converted for use on Florida highways and was in fact licensed." The evidence in this case demonstrates that, although the original design out of the kit the dune buggy was made from may not have qualified it for public road use, with the owner's modifications and additions, as well as the registration licensing, the completed design of the vehicle was for highway use and, thus, PIP coverage was available.
Finally, State Farm assigns as error that portion of the judgment allowing appellants/cross appellees an attorney's fee for the entire time spent by their attorneys on this case, including the UM aspect on which they did not prevail. The statute in question provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (1983) (emphasis added).
The problem here arises by virtue of the fact that the Harlan Becrafts prevailed on the PIP claim but not on the UM claim. Therefore, State Farm says the Becrafts should only recover for the time spent on the former claim.
There was no dispute below as to the number of hours or hourly rate claimed by the attorneys for the insureds. Initially, the Becrafts note that counsel for the insureds claimed that all of the hours were devoted entirely to PIP coverage. The Becrafts point out that the entire litigation involved whether there was liability coverage and PIP coverage. Furthermore, they note that, although both coverages depended on the nature of the vehicle, the language was slightly different for each of the coverages, and, once the nature of the vehicle was established, there was PIP coverage but no liability coverage. The same amount of work would have been involved had there been no claim for liability coverage.
The Becrafts cite Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), wherein the supreme court stated:
When a party prevails on only a portion of the claims made in the litigation, the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims.
According to the Becrafts, there was no way to separate the investigation and prosecution of the PIP claim from the UM, liability, and medical payments claims and, therefore, they are entitled to an attorney's fee for the entire time spent on the case. Cf. Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983). (Plaintiff in multicount personal injury action who recovers money judgment on at least one, but not all, counts in cause of action is "party recovering judgment" for purposes of statute relating to entitlement to recover *1319 costs.) See also Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266 (Fla. 1st DCA 1985); LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982). Under these circumstances, where the bulk of the work involved was intertwined with both issues, so as to make it difficult to separate the time spent, the allowance of fees for the entire service furnished is not error.
Accordingly, the final summary judgment, the attorney's fee award and the cost judgment are affirmed.
GLICKSTEIN and GUNTHER, JJ., concur.