529 So.2d 276 (1988)
John CARGUILLO, As Personal Representative of the Estate of John Joseph Carguillo, Deceased, Petitioner,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 71799.
Supreme Court of Florida.
June 9, 1988.
Rehearing Denied September 1, 1988.
*277 J. Mark Maynor of Beverly & Freeman, West Palm Beach, for petitioner.
Frank W. Weathers of Weathers & Seaman, Lantana, for respondent.
EHRLICH, Justice.
Petitioner Carguillo's son was killed when his Yamaha motorcycle collided with a Suzuki motorcycle. The accident occurred on a dirt bike trail in an open field which was owned by Palm Beach County. In his capacity as personal representative of the estate of his son, Carguillo brought suit against the owners of the Suzuki motorcycle. The cycles were designed for use mainly off public roads, were registered and titled by the state, but were not licensed for operation upon the public highways. The Suzuki was uninsured. Suit was also brought against State Farm, Carguillo's uninsured motorist carrier. State Farm had denied coverage on the uninsured motorist portion of the claim because the Suzuki was a vehicle which was designed mainly for use off public roads and the accident occurred off public roads. The policy exclusion at issue provides in pertinent part:
An uninsured motor vehicle does not include a land motor vehicle ... (5) designed for use mainly off public roads except while on public roads.
Carguillo and State Farm entered into a stipulation of the above facts and filed a joint motion for summary judgment. Finding the exclusion invalid, the trial court originally granted summary judgment in Carguillo's favor. After a motion for rehearing, the trial court reversed itself and entered summary judgment in favor of State Farm. On appeal, the district court affirmed based on the authority of State Farm Fire and Casualty Co. v. Becraft, 501 So.2d 1316 (Fla. 4th DCA 1986) and certified the following question:
WHETHER A VEHICLE DESIGNED PRIMARILY FOR OFF-ROAD USE CAN BE EXCLUDED FROM UNINSURED MOTORIST COVERAGE BECAUSE IT IS NOT A "MOTOR VEHICLE" WITHIN THE DEFINITION OF THE FINANCIAL RESPONSIBILITY LAW OR WHETHER SUCH AN EXCLUSION IS VOID FOR PUBLIC POLICY REASONS?
Carguillo v. State Farm Mutual Automobile Insurance Company, 517 So.2d 138 (Fla. 4th DCA 1988).[1]
In Becraft, the district court was presented with the question of "whether an uninsured motorist carrier can exclude coverage for a motor vehicle designed mainly for use off the public roads when the vehicle is being operated off the public roads at the time of the accident." 501 So.2d at 1317. The Becrafts argued that such an exclusion is invalid because it contravenes the uninsured motorist (UM) statute itself. The district court affirmed the denial of coverage reasoning that:
since the use sought to be avoided by the carrier did not involve the highways, or public roads of the state, the exclusion clause at issue here is not void for public policy reasons. The policy behind section 627.727, Florida Statutes, is to provide *278 the insured motorist with at least the same amount of protection as would have been provided if the tort-feasor had complied with the financial responsibility law. Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229, 236 (Fla. 1971). Because our motor vehicle financial responsibility law (Chapter 324, Florida Statutes) does not include off-road vehicles in its definition of motor vehicles, the carrier may exclude such vehicles when off public roads from its UM coverage without reducing such coverage below the level of protection that would have been provided if the tort-feasor had complied with the financial responsibility law. [citation omitted].
501 So.2d at 1317. Carguillo urges us to reject the Becraft reasoning and adopt the reasoning of the second district court in Allstate Insurance Company v. Almgreen, 376 So.2d 1184 (Fla. 2d DCA 1979).
Almgreen dealt with an exclusion similar to that in this case. The policy in Almgreen excluded from the definition of motor vehicle "a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads." 376 So.2d at 1185. Allstate claimed that the uninsured off-road motorcycle involved in the accident was not an uninsured motor vehicle under the policy. Finding the policy language ambiguous, the district court construed the policy in favor of the insured to include the off-road motorcycle as an uninsured motor vehicle. Since the court found that the policy provided coverage, it did not address whether the UM statute required coverage under the circumstances present in that case. However, in dicta, the court went on to reject the contention that the definition of "motor vehicle" from the financial responsibility statute should be looked to in defining the term uninsured motor vehicle under the UM statute. Id. at 1186. The court relied on its prior decision in Johns v. Liberty Mutual Fire Insurance Company, 337 So.2d 830 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 949 (Fla. 1977), in which it held that the financial responsibility laws are not to be read in pari materia to the uninsured motorist laws.
In Mullis we held that "uninsured motorist coverage ... is statutorily intended to provide the reciprocal or mutual equivalent of automobile liability coverage prescribed by the Financial Responsibility Law." 252 So.2d at 237-38. The Becraft court correctly applied our holding in Mullis to the case at hand. We agree that Section 627.727 provides an insured motorist with at least the same amount of protection as would have been provided if the tort-feasor had complied with the financial responsibility law. 501 So.2d at 1317, As noted in Mullis, "Section 627.0851 [predecessor to Section 627.727] established the public policy of this state to be that every insured is entitled to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance." 252 So.2d at 234. In this case, the owner of the Suzuki motorcycle was not required to maintain liability insurance on the cycle because it is not a motor vehicle under Section 324.021(1). Thus, the policy provision at hand does not reduce the UM coverage below the level of protection that would have been provided if the owner of the Suzuki had complied with the financial responsibility law. While an insurer may provide more coverage than is statutorily required, there is no requirement that an insured be protected to a greater extent than that statutorily mandated. We therefore hold that a vehicle designed primarily for off-road use can be excluded from uninsured motorist coverage because it is not a "motor vehicle" within the definition of the financial responsibility law.
Accordingly, we approve the decision below and disapprove the decision of the Second District Court of Appeal in Almgreen to the extent that it conflicts with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V § 3(b)(4), Fla. Const.