854 So.2d 726 (2003)
Gabriel VARRO, Appellant,
v.
FEDERATED MUTUAL INSURANCE COMPANY, Appellee.
No. 2D02-5573.
District Court of Appeal of Florida, Second District.
August 22, 2003.
*727 Ted Starr of Starr Law Offices, Pinellas Park, for Appellant.
Robert Santa Lucia of Santa Lucia & Thomas, P.A., Clearwater, for Appellee.
COVINGTON, Judge.
Gabriel Varro appeals the order granting summary judgment in favor of Federated Mutual Insurance Company (Federated). The issue before the trial court was whether Varro was entitled to receive uninsured motorist (UM) coverage as a passenger in an automobile insured under a business automobile insurance policy. The policy attempts to provide UM coverage to the named insured and its corporate officers while excluding coverage for other insureds. We conclude that section 627.727, Florida Statutes (1999), does not authorize this type of limitation on UM coverage. Because the trial court erred in finding that Varro had been validly excluded from the policy, we reverse and remand.
Federated issued a commercial package policy to K W Electric, Inc., in effect from December 20, 1999, to December 20, 2000. The policy provided business automobile coverage for four scheduled vehicles including a 1996 Mercedes 320SL. Apparently, the Mercedes was actually owned by Julian Weiss, the president and sole shareholder of K W Electric, Inc. There is no dispute that this personal auto was properly insured under the business auto policy, even though the Mercedes was not extensively used in the electrical business. There is also no dispute that this policy provided UM coverage for Mr. Weiss.
On April 12, 2000, Varro was a passenger in the Mercedes when an underinsured motorist's vehicle collided with it. Varro sought UM coverage from Federated, which took the position that it provided no UM coverage for passengers in the vehicle who were not family members of Mr. Weiss. Varro filed an action to determine this issue, and Federated moved for summary judgment. Federated's argument *728 centered on its claim that Varro was excluded by the UM portion of the policy.
The insurance policy contained an endorsement entitled "Florida Uninsured Motorists CoverageNon-Stacked," which defined an "insured" as follows:
1. You.
2. If you are an individual, any "family member."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
Another special endorsement entitled "Uninsured and Underinsured Motorists Limit of Insurance" allowed UM coverage for "any director, officer, partner or owner of the named insured and his or her `family member' who qualify as an `insured.'"[1] However, this endorsement excluded coverage for "any other person qualifying as an `insured.'"
A distinction has long been recognized in the law of UM coverage between class I and class II insureds. See Travelers Ins. Co. v. Warren, 678 So.2d 324, 326 n. 2 (Fla.1996). In a family auto policy, class I includes the named insured and family members, who receive UM coverage both as occupants of an insured vehicle and in other circumstances. Class II insureds include all other passengers in the vehicle, who are covered only by virtue of the fact that they occupy the covered vehicle. In a business auto policy, the people included within class I are not so easily determined. When the named insured is a corporation, it obviously can never have a bodily injury or a UM claim as well as claims for coverage for family members. The entire risk in such a situation arises from class II insureds.
It is common for small incorporated businesses to insure autos that are also used partially as family autos. As a result, there is a need to provide UM coverage to the owners of such businesses and their families. This effectively provides the sole stockholder the same type of UM coverage that he or she would receive from a family auto policy. There is little question that an insurer issuing a family auto policy could not include an exclusion for class II claimants. Thus, the question in this case is whether a business auto policy can be written to include the sole stockholder and his family within the UM coverage while excluding all other class II insureds. We conclude that Florida law does not permit such limitations on coverage.
Section 627.727(1), Florida Statutes (1999), requires UM coverage unless "an insured named in the policy makes a written rejection of the coverage on behalf of all insureds under the policy." It is undisputed that K W Electric did not make a written rejection of UM coverage. Section 627.727(9), Florida Statutes (1999), lists five limitations that insurance companies may place on UM coverage. These five limitations do not include a provision that allows an exclusion of particular individuals from UM coverage. See § 627.727(9)(a)-(e), Fla. Stat. (1999). An insurance policy may contain other general conditions affecting coverage or exclusions on coverage as long as the limitations are unambiguous and "consistent with the purposes *729 of the UM statute." Flores v. Allstate Ins. Co., 819 So.2d 740, 745 (Fla. 2002).
The limitation in this case was unambiguous, and so the issue is whether the limitation runs contrary to the purposes of the UM statute. The UM statute is intended to protect injured people and is not intended to benefit insurance companies or motorists who cause damage to other people. Id. at 744-45. This statutory protection is not to be "`whittled away' by exclusions and exceptions." Id. at 745 (quoting Young v. Progressive S.E. Ins. Co., 753 So.2d 80, 83 (Fla.2000)). Under section 627.727(1), an insured may reject UM coverage "on behalf of all insureds under the policy," but the statute does not allow rejection of UM coverage on behalf of only some insureds under the policy. Therefore, Florida has an express statutory policy prohibiting this type of discrimination between insureds. Those statutes prevent Federated from issuing UM coverage that benefits only corporate officers and their families.
Accordingly, the trial court erred in finding that the UM limitation did not violate the purpose of the UM statute. Summary judgment should not have been granted in favor of Federated. We therefore reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT, J., Concurs.
VILLANTI, J., Concurs with opinion.
VILLANTI, J., Concurring.
I reluctantly concur in the majority's opinion because it is unequivocally mandated by the clear language of section 627.727(1), Florida Statutes (1999). However, like the trial judge, I do not believe that the legislature intended the result that section 627.727(1) mandates on these facts, i.e., to abrogate a commercial insured's freedom to contract by requiring it to purchase UM coverage that not only duplicates coverage available to employees under K W Electric's worker's compensation policy but also extends UM coverage to both invited and uninvited passengers, including carjackers. I urge the legislature to address the availability of more limited UM coverage, particularly for those commercial insureds that are seeking to coordinate their policies to provide full coverage in the most cost effective manner.
NOTES
[1] This special endorsement is an Insurance Services Office standard form, which is identified as CA-F-93 (10-94).