IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EARL GERMANY AND
DEBORAH GERMANY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant,

CASE NO. 1D14-54

v.

WILLIAM DEWAYNE DARBY
AND FEDERATED MUTUAL
INSURANCE COMPANY, A
FOREIGN CORPORATION
DOING BUSINESS IN
FLORIDA,

      Appellee.

_____/

Opinion filed February 16, 2015.

An appeal from the Circuit Court for Gadsden County.
James O. Shelfer, Judge.

Louis K. Rosenbloum, Pensacola, and Jon D. Caminez of Caminez, Walker & Brown, Monticello, for Appellant.

John D. Russell, Robin P. Keener, Catherine M. Verona of Stoler Russell Keener Verona, Tampa, for Appellee.

OSTERHAUS, J.

      After Earl Germany was involved in a work-related automobile accident with

an uninsured motorist in a company vehicle, he and his wife Deborah Germany challenged the coverage limits of his employer's uninsured and underinsured motorist insurance ("UM") coverage. They argued that Florida law, § 627.727(1), Florida Statutes, didn't allow the policy to have different limits of UM coverage among insureds—a UM coverage limit of up to $500,000 for executives and their families, but only up to $30,000 for all other insureds, including employees like Mr. Germany. The trial court construed the statute to allow for different coverage limits among insureds and the Germany's appealed. We now affirm.

I.

The facts in this case are straightforward and undisputed. Mr. Germany suffered injuries in a job-related car accident with an uninsured motorist in 2011. At the time of the accident, Mr. Germany was driving an automobile owned and insured by his employer Hinson Oil Company, Inc. during the course of his employment. Hinson Oil's auto insurance policy had an attached endorsement providing uninsured and underinsured motorist coverage of up to $500,000 for Hinson Oil's executives, owners, and their family members, and up to $30,000 for all other insureds, including Mr. Germany. Hinson Oil expressly elected these coverage limits on the Florida Office of Insurance Regulation's approved form, which were lower than the limits of its bodily injury liability insurance.

2

II.

We review questions of statutory construction *de novo*. <u>Raymond James Fin. Servs., Inc. v. Phillips</u>, 126 So. 3d 186, 190 (Fla. 2013) (citing <u>Maggio v. Fla. Dep't of Labor & Emp't Sec.</u>, 899 So. 2d 1074, 1076 (Fla. 2005)). "In answering a statutory interpretation question, this Court must begin with the actual language used in the statute because legislative intent is determined first and foremost from the statute's text." <u>Id.</u> at 190 (internal quotations and citations omitted).

Turning to the text of § 627.727(1), the statute says that no motor vehicle liability insurance policy providing for bodily injury liability coverage may be issued without uninsured motor vehicle coverage unless an insured "makes a written rejection of the coverage on behalf of all insureds" or selects "lower limits . . . on a form approved by the office." <u>Id.</u> Where the form is signed by a named insured, the statute "conclusively presume[s] that there was an informed, knowing . . . election of lower limits on behalf of all insureds." <u>Id.</u> By its terms, the statute expressly permits the election of "*lower limits*" by a named insured on behalf of all insureds. It does not specify that there must be a single "limit" applicable to all insureds. Because in this case, the employer selected lower coverage limits for all insureds and did so in writing using the required form, it satisfied the statute's requirements.

The Germanys advocate a different construction of § 627.727(1) based on <u>Varro v. Federated Mut. Ins. Co.</u>, 854 So. 2d 726 (Fla. 2d DCA 2003). In <u>Varro</u>,

3

the Second District concluded that § 627.727(1) "does not allow *rejection* of UM coverage on behalf of only some insureds." Varro, 854 So. 2d at 729 (emphasis added). A couple things distinguish Varro from this case. First, UM coverage wasn't rejected for any employees in this case. Instead, Hinson Oil provided a level of UM coverage to everyone, including the appellant: up to $500,000 for owners, executives, and their families, which is less than the $1 million bodily injury liability insurance limit; and up to $30,000 for all other insureds. In other words, it elected "lower limits on behalf of all insureds" as the statute expressly allows. § 627.727(1), Fla. Stat. Second, in Varro, 854 So. 2d at 728, the named insured did not make a written rejection of UM coverage on the applicable form as called for by the statute: "The rejection or selection of lower limits shall be made on a form approved by the office." § 627.727(1), Fla. Stat. The problem in Varro of a named insured failing to execute the appropriate form doesn't apply here.

Finally, Hinson Oil's election of lower limits for some insureds doesn't violate the purpose of the UM statute "'to provide for the broad protection of the citizens of this State against uninsured motorists.'" Travelers Commercial Ins. Co. v. Harrington, -- So. 3d --, No. SC12-1257, 2014 WL 5365846, at *3 (Fla. Oct. 23, 2014), reh'g denied (Jan. 7, 2015) (quoting Salas v. Liberty Mut. Fire Ins. Co., 272 So. 2d 1, 5 (Fla. 1972)). "'[T]here is [no] blanket prohibition against an insurance policy containing general conditions affecting coverage or exclusions on coverage

4

as long as the limitation is consistent with the purposes of the UM statute." <u>Flores v. Allstate Ins. Co.</u>, 819 So. 2d 740, 745 (footnote omitted) (citing <u>Carguillo v. State Farm Mut. Auto. Ins. Co.</u>, 529 So. 2d 276 (Fla. 1988)). Whereas the statute here would have permitted Hinson Oil to wholesale reject UM coverage for all of its insureds, Hinson Oil chose instead to provide UM coverage with meaningful, albeit different, coverage limits for all insureds. Its decision to broadly provide coverage comports with the State's coverage goals; and, in fact, does so much more than if it had chosen (lawfully under the statute) to provide no UM coverage at all. Thus, nothing on the face of § 627.727, or as a policy matter, forbids Hinson Oil's UM coverage elections. <u>Cf.</u> <u>Travelers Commercial Ins.</u>, -- So. 3d --, No. SC12-1257, 2014 WL 5365846, at *7 (noting that both insured and insurer are entitled to what they bargained and paid for).

III.

For these reasons, the trial court's order granting summary judgment is AFFIRMED.

THOMAS and ROWE, JJ., CONCUR.

5