SILBERMAN, Judge. In September 2014, Sylvia Willis was walking on a paved pathway in Sun City Center when she was hit' by an underin-sured golf cart. Her underinsured/unin-sured motorist (UM) insurance carrier, Arnica Mutual Insurance Company, denied benefits because the golf cart was not an “uninsured motor vehicle” under a policy exclusion. Arnica and Willis took the dispute to court, and the court entered final summary judgment in favor of Willis. The court ruled that the exclusion was invalid as against the public policy requiring UM coverage to be reciprocal to its liability coverage. We affirm. The insurance policy provides liability coverage to an “insured” which it defines as “[y]ou or any family-member for the ownership, maintenance or use of any auto or trailer.” It contains an exclusion for vehicles “designed mainly for use off public roads” with an exception for “any non-owned golf cart.” Thus, the policy provides liability coverage for -certain damages caused by an insured’s use of a non-owned golf cart. The policy provides corresponding UM coverage for certain damages sustained by an insured or any family member that “arise out of the ownership, maintenance or use of the uninsured motor vehicle.” It contains an exclusion for vehicles ,“[d]e-signed mainly for use off public roads while not on public roads.” However, unlike the liability portion of the policy, the exclusion does not provide an exception for non-owned golf carts. Thus, the policy excludes UM coverage for damages sustained by an insured that arise out of the use of an uninsured,, non-owned golf cart while not on public roads. The underlying action was filed by Arni-ca as a declaratory judgment action seeking a ruling regarding coverage. Willis filed a counterclaim seeking entitlement to coverage.[1] Arnica maintained that, the UM exclusion for vehicles “[djesigned mainly for use off public roads while not on public roads” applied, and Willis maintained that it was. invalid as inconsistent with the policy of the UM statute as set forth in section 627.727, Florida Statutes (2014). Both parties eventually filed motions for summary judgment.' Willis asserted that the UM exclusion was inconsistent with the statutory intent that policies provide UM coverage that is reciprocal to liability coverage. Willis argued that because her policy provided liability coverage for damages she caused while operating a non-owned golf cart, the UM provision could not exclude coverage for bodily injury she sustained from an uninsured motorist operating a non-owned golf cart. In support of her argument, Willis cited this court’s decision in Sommerville v. Allstate Insurance Co., 65 So.3d 558 (Fla. 2d DCA 2011). Arnica asserted that the' case was controlled by Carguillo v. State Farm Mutual Automobile Insurance Co., 529 So.2d 276 (Fla. 1988). • The trial court determined that Willis was entitled to UM coverage. Among other things, the court found merit in Willis’ argument that, under Sommerville, the UM policy exclusion was invalid because there was no reciprocal limitation on liability coverage. The court entered a final judgment awarding Willis $50,000 in UM benefits. - -■ We conclude that the trial court properly relied on Sommerville to determine that the UM exclusion was invalid.[2] The issue of the validity of a UM exclusion is a question of law that this court reviews de novo. Travelers Commercial Ins. Co. v. Harrington, 154 So.3d 1106, 1108 n.2 (Fla. 2014). Section 627.727(1) states that “[n]o motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued” unless UM coverage is also provided. Furthermore, “[t]he limits of uninsured motorist coverage shall not be less than the limits of bodily injury liability insurance purchased by the named insured.” § 627.727(2). These provisions apply and protect the insured unless the insured rejects them or selects lower limits in writing. § 627.727(1). Section 627.727(9) sets forth several limitations that may be included in UM policy provisions., “An insurance policy may contain other general conditions affecting coverage or exclusions on coverage as long as the limitations are unambiguous and ‘consistent with the purposes of the UM statute.’” Varro v. Federated Mut. Ins. Co., 854 So.2d 726, 728-29 (Fla. 2d DCA 2003) (quoting Flores v. Allstate Ins. Co., 819 So.2d 740, 745 (Fla. 2002)). UM coverage was intended to enable an insured to receive the same recovery that would have been available had the tortfeasor been covered by an automobile liability policy that complied with the Financial Responsibility Law (FRL). Salas v. Liberty Mut. Fire Ins. Co., 272 So.2d 1, 3 (Fla. 1972); Mullis v. State Farm Auto. Ins. Co., 252 So.2d 229, 236 (Fla. 1971). Stated another way, UM coverage is intended to provide the reciprocal of liability coverage. Flores, 819 So.2d at 744; Mullis, 252 So.2d at 237-38. “As a creature of statute rather than a matter of contemplation of the parties in creating insurance policies, the uninsured motorist protection is not susceptible to the attempts of the insurer- to limit or negate that protection.” Salas, 272 So.2d at 5. “It was enacted to provide relief to innocent persons who are injured through the negligence of an uninsured motorist; it is, not to. be ‘whittled away1 by exclusions and exceptions.” Mullis, 252 So.2d at 238; see also Flores, 819 So.2d at 745; Young v. Progressive Se. Ins. Co., 753 So.2d 80, 83 (Fla. 2000). In Sommerville, this court applied these general principles to determine that a UM exclusion for persons occupying rented autos was invalid. 65 So.3d at 563. The insurance policy at issue provided both liability and UM coverage to “[ajnyone ‘occupying’ a covered ‘auto.’” Id. at 561. While the policy provided liability coverage for injuries the insured caused while operating a rented auto, it excluded UM coverage for injuries the insured sustained while occupying a rented auto. Id. This court concluded that the UM exclusion was inconsistent with the policy of the UM statute by defining “covered autos” more narrowly than in the liability provision. Id. at 563. The court recognized that section 627.727(9) of the UM statute authorized certain limitations on- coverage but explained that section did not provide for the exclusion of particular insured vehicles. 65 So.3d at 562. As in Sommerville, the insurance policy in this case contains a UM limitation that excludes particular vehicles. The policy provides liability coverage for. injuries Willis causes while operating a non-owned golf cart, but it excludes UM coverage for injuries she sustains from an.uninsured motorist operating a non-owned golf cart. However, section 627.727(9) does not provide for the exclusion of particular uninsured vehicles. By failing to. provide Willis UM coverage that is reciprocal .to its liability coverage, the, UM exclusion is inconsistent with the policy of the U.M statute. See also Mullis, 252 So.2d at 231, 238 (holding invalid a UM . exclusion for “bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident- of -the same household, if such vehicle is not an ‘insured automobile’ ”). Arnica argues that the UM exclusion does not violate the intent of the UM statute because the FRL does not require liability insurance for a golf cart. See § 324.021(1), Fla. Stat. (2014) (defining “[m]otor vehicle” for purposes of the FRL). Thus, the exclusion of golf carts from UM coverage would not reduce UM coverage below that which would have been available if the tortfeasor had liability insurance that complied with the FRL. In support of this argument, Arnica cites Carguillo, 529 So.2d 276. In Carguillo, the supreme court upheld a decision finding that coverage was precluded by a UM exclusion for vehicles “designed for use mainly off public roads except while on public roads.” 529 So.2d at 277. The Carguillo court recognized that the UM statute was intended to enable an insured to receive “at least the same amount of protection” that would have been available had the tortfeasor been covered by a policy that complied with the FRL. Id. at 278. However, the FRL did not require the tortfeasor to maintain liability insurance on the uninsured motor vehicle, which was an offroad motorcycle, because it did not meet the definition of a “motor vehicle” under the law. Id. Therefore, the UM exclusion did not reduce the UM coverage below that which would have been available under the FRL. Id At first glance, it would appear that Carguillo controls because it addressed the validity of a UM exclusion virtually indistinguishable from that in this case. However, the Carguillo analysis involved circumstances different from the particular facts of this case. In Carguillo, there is no suggestion that the insured actually had liability coverage for vehicles that are used on public roads even though they are designed for- use mainly off public roads. Thus, Carguillo did not address the validity of a UM exclusion that reduced UM coverage below the policy’s liability coverage. We are not convinced that an exclusion that leaves in place the minimum UM coverage required by the FRL is sufficient to satisfy the intent of the UM statute when the insured purchases liability insurance in excess of those requirements. In such cases, the UM exclusion does not protect innocent persons who are injured by uninsured motorists by providing the reciprocal of the liability coverage. As the supreme court has explained, the policy of providing for UM coverage is to protect Florida’s citizens against uninsured motorists by providing broad protections and not to create exceptions. Salas, 272 So.2d at 4. We find support for this conclusion in case law from other states with analogous UM laws that have concluded that UM coverage must be the reciprocal of liability coverage which exceeds that required by law. See, e.g., Bartning v. State Farm Fire & Cas. Co., 162 Ariz. 344, 783 P.2d 790, 794 (1989) (In banc); Mission Ins. Co. v. Brown, 63 Cal.2d 508, 47 Cal.Rptr. 363, 407 P.2d 275, 276 (1965) (en banc); State Farm Mut. Auto. Ins. Co. v. Marquez, 130 N.M. 591, 28 P.3d 1132, 1134-35 (N.M. Ct. App. 2001). In Bartning, the Arizona Supreme Court declared invalid a UM provision that did not extend coverage to losses occurring in Mexico because the liability provision provided such coverage. 783 P.2d at 794. The court, recognized that state law did not require liability coverage in Mexico but concluded that UM coverage must be coextensive with the actual liability coverage that was purchased. Id. at 792, 793. The court adopted the following reasoning: Taking the minimum area requirement for issuing liability policies and imposing it as an uninsured motorist coverage area restriction ... overlooks the remedial purpose of the uninsured motorist statute and the policy that it be liberally construed to effectuate that purpose .... Efforts by insurers to frustrate this statute by writing limitations into their policies ... should not be validated. Uninsured motorist coverage reasonably follows liability coverage. Thus, the statute sets no boundaries because at a minimum, they must coincide with the liability policy boundaries in view of the statutory language that “no” liability policy is to issue without uninsured motorist coverage. Id. at 792 (quoting Transamerica Ins. Co. v. McKee, 27 Ariz.App. 158, 551 P.2d 1324, 1328 (1976) (Hathaway, J., specially concurring)). The court concluded with language mirroring that used by the Florida Supreme Court: “The statute clearly does not contemplate a piecemeal whittling away of liability ... territorially ... for injuries caused by uninsured motorists.” Id. at 793 (quoting Brown, 47 Cal.Rptr. 363, 407 P.2d at 277). In this case, as in Bartning, the insured obtained liability coverage that exceeded the minimum required by law. Because UM coverage follows liability coverage, the UM policy was required to provide reciprocal coverage. A narrower interpretation would not be consistent with the supreme court’s express prohibition against a piecemeal whittling away of the UM statute. See Flores, 819 So.2d at 745; Young, 753 So.2d at 83; Mullis, 252 So.2d at 238. We therefore conclude that the trial court properly determined that the UM exclusion for vehicles “[designed mainly for use off public roads while not on public roads” is invalid under the circumstances of this case. Thus, we affirm the final summary judgment awarding Willis UM benefits under the terms of her policy. Affirmed. BLACK and SALARIO, JJ., Concur. . Both Arnica’s complaint and Willis’ counterclaim included issues regarding personal injury protection and med pay benefits. However, those issues have been resolved and are not a subject of this appeal. . The trial court also concluded that the term “public road” was ambiguous and that the ambiguity should be resolved in favor of coverage. And the court ruled that the accident took place on a public road. While Arnica challenges these findings on appeal, our determination that the UM exclusion is invalid renders these issues moot.